IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CARLTON SMITH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| SPECIAL HEALTH RESOURCES FOR TEXAS, INCORPORATED | § | |
| | § | |
| *Defendant*. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff Carlton Smith brings this Complaint for unlawful discrimination based on race and color. Defendant's acts of discrimination are in violation of Title VII and 42 U.S.C. § 2000e *et seq.* of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 *et seq.*; and the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a *et seq.*; and Title II of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq.*

Smith demands a trial by jury as to all of his causes of action against Defendant.

In support of his claims, Smith states the following:

**JURISDICTION VENUE**

1. This Court has jurisdiction over Smith's claims under Title VII of the Civil Rights Act pursuant to 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Smith's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Marshall Division of the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) as all or a substantial part of

the acts or omissions giving rise to Smith's causes of action occurred in or around Gregg County, Texas.

## PARTIES

3. Plaintiff Carlton Smith is an individual residing in Gregg County, Texas.

4. Defendant Special Health Resources for Texas, Incorporated is a domestic, non-profit corporation with its principal place of business located in Longview, Gregg County, Texas. Defendant may be served with process through its Chief Executive Officer, David Haynes, 512 East Young St., Longview, Texas 75602, or wherever he may be found.

## FACTS

5. Plaintiff, Carlton Smith, is an African-American citizen of the United States and a resident of the State of Texas. Plaintiff was employed with Special Health Resources for Texas, Incorporated with several titles for 22 years until he was terminated on May 15, 2020.

6. Special Health Resources has more than 15 employees.

7. In April 2019, Smith learned from the outgoing CEO, Kim Nesvig that Smith was being targeted for termination by the Chairman of the Board because of his race.

8. Other board members communicated to Smith that Smith's race was the reason that Smith had been targeted for termination.

9. Mr. Smith was told that the chairman of the board, Bob Crank, who is white, wanted to fire Smith because he didn't like "his black ass" and "he didn't know what it was about [Smith], but I just don't like the son of a bitch."

10. And Crank told another employee of Defendant, "he couldn't put his finger on it, but there is something I just don't like about [Smith]."

11. When Mr. Nesvig resigned as CEO of Defendant, Smith was the next highest-ranking person in the organization.

12. Rather than consider Smith for the CEO position, the board chairman, Bob Crank picked the successor, David Hayes, a Caucasian employee that had been at the organization for less than four years.

13. Mr. Smith was passed over for the CEO position because of his race and color.

14. Mr. Hayes became the instrument of Mr. Crank racial animus toward Smith.

15. Later that same year, in September of 2019, Mr. Hayes sought to change Mr. Smith's title and cut his pay.

16. Upon information and belief, the only reason to demote Smith and cut his pay was because of his race and color.

17. Smith complained to Hayes that he was being treated unfairly because of his race, and Hayes relented and did not demote Smith.

18. At this time, Smith was the highest-ranking African American in the organization.

19. In February of 2020, Smith was again passed over for a promotion to the position of Chief Operating Officer because of his race and color.

20. Mr. Hayes hired a person for the position even though that person did not have a bachelor's degree, as Smith does.

21. The new COO was paid more than Smith.

22. Smith was responsible for developing programs and bringing in sources of revenue that provided the lion's share of the income for Defendant during his 22-year employment.

23. In the Spring of 2020, Smith obtained approval for the Federal Qualified Health Center grant and the 340B medication reimbursement program.

24. After Smith finalized those programs, Hayes created a pretextual reason to fire Smith.

25. In March 2020, Smith was asked to sell two vans that were the property of Defendant for $500 each by the Chief Financial Officer Ken Kosowicz. There were several witnesses to this meeting.

26. Then Smith facilitated the sale of one of the vans to the spouse of an employee of Defendant for $500. This sale was approved by Mr. Hayes, and Mr. Hayes signed the title over to the buyer and obtained a receipt.

27. The second van needed more repairs so the same buyer was only willing to pay $250 for the second van.

28. Smith communicated this to Hayes on the phone with a witness present, and Hayes approved the sale with Smith and the witness present on the phone.

29. Smith signed the title to this van and obtained a receipt.

30. On May 13, 2020, Smith was called into a meeting with Hayes and several other witnesses and confronted about the sale of the vans.

31. Hayes accused Smith, in front of witnesses, of embezzling money from Defendant and lying about the price the vans were sold for, because when the vans were registered

the buyer for the vans put the value of the vans at $640, not the $500 and $250 actual sales price.

32. At the meeting, Smith informed Hayes and the other witnesses that the discrepancy between what the vans were sold for and the value the buyer indicated when registering the vans and paying taxes on the sale was due to the minimum value that the taxing authority puts on the transfer of motor vehicles. Smith was right about that.

33. Nevertheless, Smith was suspended that day, and terminated on May 15, 2020, for allegedly embezzling $530. An allegation that Hayes and Defendant knew at the time was false.

34. Throughout the period of Smith's employment with Defendant, his performance reviews met expectations (or higher) and was never displaced throughout his 22-year tenure with Defendant.

35. Smith was terminated on or about May 15, 2020, because of his race and color and not for the reasons articulated in writing by Defendant's management and human resources department.

36. Defendant discriminated against Smith in employment opportunities on account of his race.

37. Since being terminated, Smith has been knowingly defamed by Defendant's supervisors and human relations employees in Longview, Texas, which includes denigrating comments and false and malicious allegations made against Smith's past spotless 22-year work record. Smith is of the information and belief that his past work

record is being knowingly falsified and denigrated only as a pretext to justify his termination and not for any legitimate, non-discriminatory reasons.

38. The aforementioned acts and conduct by Defendant, its agents, and employees were intentional, willful, wanton, malicious, recklessly indifferent, and outrageous.

**COUNT 1:**
**Race Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e *et seq.***
**(Termination)**

39. Smith is African American and thus a member of a protected class.

40. Smith was an "employee" within the meaning of Title VII of the Civil Rights Act.

41. Smith has satisfied all jurisdictional prerequisites in connection with his claim under the Civil Rights Act of 1964 ("Title VII):

   a. Smith timely filed a Charge of Discrimination against the Defendant with the EEOC on or about May 17, 2020, within 300 days of both the date of his termination and the date of the continuing race discrimination against his person; and

   b. Smith timely filed this Complaint within 90 days of the EEOC's September 10, 2020 issuance of its Right-to-Sue Notice against Defendant.

42. Defendant was Smith's employer within the meaning of Title VII of the Civil Rights Act.

43. Smith realleges the facts contained in paragraphs 5-38, as if fully set forth herein.

44. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* as Defendant has engaged in the practice of discrimination against Smith by terminating him because of his race or color.

45. Defendant acted intentionally, maliciously, and with reckless indifference, within the meaning of Title VII, by terminating Smith because of his race or color.

46. As a result of Defendant's unlawful conduct, Smith requests that the Defendant be found liable to him for all actual, compensatory and punitive damages to which he is entitled, as outlined in Title VII, as well as all available equitable relief, and reasonable attorney's fees, and costs.

## COUNT 2:

### Race Discrimination in Violation of Title VII of the Civil Rights Act

47. Smith realleges the facts contained in paragraphs 5-38, as if fully set forth herein.

48. Smith was subjected to discrimination on the basis of race and/or color by Defendant.

49. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* as Defendant has engaged in the practice of discrimination against Smith.

50. Defendant intentionally and willfully discriminated against Smith because of race and/or color in violation of Section 1981 by unlawfully terminating him.

51. As a result of Defendant's termination of Smith because of his race or color, Smith has suffered severe mental trauma, actual damages in the form of lost wages and benefits (past and future), and other losses.

52. As a result of Defendant's termination of Smith because of his race or color, Smith requests that the Defendant be found liable to him for all actual, compensatory and punitive damages to which he is entitled, as outlined in Title VII, as well as all available equitable relief, and reasonable attorney's fees and costs.

53. Defendant acted with malice and reckless indifference by unlawfully terminating Smith because of his race or color; thus Smith is entitled to exemplary damages.

## COUNT 3:
### Violation of Chapter 21 of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq.* (Termination)

54. Smith is a member of a protected class, and Smith repeats and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

55. Smith was subjected to discrimination on the basis of his race and/or color by Defendant.

56. Defendant intentionally discriminated against Smith because of race and/or color in violation of the Tex. Lab. Code § 21.001 *et seq.* by unlawfully terminating him.

57. The conduct alleged herein violates TLC § 21.001 *et seq.* as Defendant has engaged in the practice of intentional and willful discrimination against Smith.

58. The above discriminatory and retaliatory pattern and practice by Defendant, its agents and employees violates Title VII of the Civil Rights Act of 1964, as amended; and, Tex. Lab. Code § 21.001 *et seq.*

59. As a direct and proximate result of said acts, Smith has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, loss of opportunities for career advancement, and damage to his reputation.

60. Defendant acted with malice and gross negligence by unlawfully terminating Smith because of his race or color; thus Smith is entitled to exemplary damages.

## JURY DEMAND

61. Smith demands a trial by jury on all of his causes of action against Defendant.

## PRAYER FOR RELIEF

62. WHEREFORE, Smith prays that, upon trial of this action, this Smith have and recover the following relief against Defendant:

a. An order finding Defendant's actions complained of herein are in violation of the law as set forth above;

b. Judgment against the Defendant, for actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

c. Judgment against Defendant for compensatory damages, in the maximum amount allowed by law, for past and future economic loss and mental anguish, including psychological and emotional harm, Plaintiff has experienced and endured as a result of the discriminatory and tortious actions of Defendant;

d. Judgment against Defendant, for punitive and exemplary damages in an amount to be determined by the jury at trial which will appropriately punish Defendant for its misconduct and deter Defendant from engaging in such misconduct in the future;

e. Judgment against Defendant for costs of court and pre- and post-judgment interest as provided by law;

f. Judgment against Defendant for Smith's reasonable attorney's fees and costs associated with this matter, including but not limited to expert fees' and costs;

g. Such other and further relief to which Smith may be justly entitled.

*Respectfully submitted,*

**FREEMAN MILLS PC**
2020 Bill Owens Pkwy., Ste. 200
Longview, Texas 75604
903.295.7200 *phone*
903.295.7201 *fax*
*www.freemanmillspc.com*

By: /s/ Vance P. Freeman
**Vance P. Freeman**
State Bar No. 24036595
*vfreeman@freemanmillspc.com*
**Graham K. Simms**
State Bar No. 24060610