UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CARLTON SMITH, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | Case No.: 2:20-cv-00379 |
| § | |
| SPECIAL HEALTH RESOURCES FOR § | |
| TEXAS, INCORPORATED § | |
| § | |
| DEFENDANT. § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Defendant, Special Health Resources for Texas, and files its Answer to Plaintiff's Original Complaint and shows the Court as follows:

### I. JURISDICTION AND VENUE

1. Defendant admits jurisdiction is proper as asserted in Paragraph 1.

2. Defendant admits jurisdiction is proper as asserted in Paragraph 2.

### II. PARTIES

3. Defendant is without sufficient knowledge to admit or deny Paragraph 3.

4. Defendant admits the factual allegations in Paragraph 4.

### III. STATEMENT OF FACTS

5. Defendant admits Plaintiff was employed with SHR for approximately 22 years and was terminated on May 15, 2020. Defendant does not have enough information to admit or deny the remaining portions of Paragraph 5.

6. Defendant admits the factual allegations in Paragraph 6.

7. Defendant denies the factual allegations in Paragraph 7.

8. Defendant denies the factual allegations in Paragraph 8.

9. Defendant denies the factual allegations in Paragraph 9.

10. Defendant denies the factual allegations in Paragraph 10.

11. Defendant denies the factual allegations in Paragraph 11.

12. Defendant admits that David Hayes was selected for the CEO position and is Caucasian. Defendant denies the remainder of Paragraph 12.

13. Defendant denies the factual allegations in Paragraph 13.

14. Defendant denies the factual allegations in Paragraph 14.

15. Defendant admits that earlier in 2019 Smith's title was changed to Chief Development Officer; however, Smith's pay was not reduced by the change of title.

16. Defendant denies the factual allegations in Paragraph 16.

17. Defendant denies the factual allegations in Paragraph 17.

18. Defendant admits the factual allegations in Paragraph 18.

19. Defendant denies the factual allegations in Paragraph 19.

20. Defendant admits that the person selected for this position does not have a formal bachelor's degree; however, the person selected was extremely qualified based on her education, previous work experience, and skill.

21. Defendant admits the factual allegations in Paragraph 21.

22. Defendant denies the factual allegations in Paragraph 22.

23. Defendant denies the factual allegations in Paragraph 23.

24. Defendant denies the factual allegations in Paragraph 24.

25. Defendant admits the factual allegations in Paragraph 25.

26. Defendant denies the factual allegations in Paragraph 26.

27. Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 27.

28. Defendant denies the factual allegations in Paragraph 28.

29. Defendant admits the factual allegations in Paragraph 29.

30. Defendant admits that Smith and Hayes met on May 13, 2020 and discussed the sale of vans.

31. Defendant admits that Hayes discussed with Smith the discrepancy in amounts but Defendant denies accusing Smith of embezzling money or lying.

32. Defendant admits the Smith provided an explanation regarding the discrepancy.

33. Defendant admits Smith was suspended pending further investigation. Defendant denies the remaining factual allegations in Paragraph 33.

34. Defendant admits the factual allegations in Paragraph 34.

35. Defendant denies the factual allegations in Paragraph 35.

36. Defendant denies the factual allegations in Paragraph 36.

37. Defendant denies the factual allegations in Paragraph 37.

38. Defendant denies the factual allegations in Paragraph 38.

### IV.   CAUSES OF ACTION AGAINST SPECIAL HEALTH RESOURCES FOR TEXAS

**COUNT 1: Race Discrimination of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e et seq. (Termination)**

39. Defendant admits that Smith is a member of a protected class.

40. Paragraph 40 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

41. Paragraph 41 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

42. Paragraph 42 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

43. No response is required to Paragraph 43 of Plaintiff's Original Complaint.

44. Paragraph 44 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

45. Paragraph 45 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

46. Paragraph 46 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

**COUNT II: Race Discrimination in Violation of Title VII of the Civil Rights Act**

47. No response is required to Paragraph 47 of Plaintiff's Original Complaint.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Original Complaint.

49. Paragraph 49 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

50. Paragraph 50 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

51. Paragraph 51 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

52. Paragraph 52 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

53. Paragraph 53 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required. To the extent there are factual allegations in Paragraph 53, Defendant denies.

**COUNT III: Violation of Chapter 21 of the Texas Labor Code, Tex. Lab. Code § 21.001 et seq. (Termination)**

54. Defendant admits that Smith is a member of a protect class. No response is required to for the remainder of Paragraph 54 of Plaintiff's Original Complaint.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's Original Complaint.

56. Paragraph 56 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required. To the extent there are factual allegations in Paragraph 56, Defendant denies.

57. Paragraph 57 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

58. Paragraph 58 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

59. Paragraph 59 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required.

60. Paragraph 60 contains Plaintiff's legal argument and legal conclusion; no admission or denial of facts is required. To the extent there are factual allegations in Paragraph 60, Defendant denies.

### V.   JURY DEMAND

61. No response is required to Paragraph 61 of Plaintiff's Original Complaint.

## VI. PLAINTIFF'S RELIEF

62. Paragraph 62 contains Plaintiffs' request for relief and no admission or denial of facts is required.

## VII. AFFIRMATIVE DEFENSES

1. Failure to Mitigate Damages – Plaintiff has failed to mitigate his damages, if any, and to the extent of such failure to mitigate, damages should be reduced accordingly.

2. Offset – Defendant denies that Plaintiff is entitled to any recovery. In the unlikely event Plaintiff recovered anything, any recovery should be offset by the amount Plaintiff has received from other sources, including but not limited to, money received from unemployment, pandemic unemployment assistance, worker's compensation, etc.

3. Lack of Financial Loss or Injury – Plaintiff fails to plead financial loss or injury with sufficient particularity.

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

_____
CLAYTON R. HEARN
Texas State Bar No. 00793925
SHANNON B. SPIZMAN
Texas State Bar No. 24086729
5307 E. Mockingbird Lane, Suite 685
Dallas, Texas 75206
Telephone: (214) 365-9290
Telecopy: (713) 840-9404
chearn@rmwbh.com
sspizman@rmwbh.com
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

On January 27, 2021, I certify that I served the foregoing document on all counsel and/or *pro se* parties of record as authorized by Federal Rules of Civil Procedure 5(b)(2).

_____
CLAYTON R. HEARN